## JONATHAN P. BISHOP *et al. versus* OBED BAKER.

Where the declaration in an action of trespass contained but one count, which was for breaking and entering the plaintiff's close and taking and carrying away his goods, it was *held*, that the plaintiff might be allowed to amend by filing a count simply for the same taking and carrying away of the same goods.

TRESPASS. The writ was dated the 29th of January, 1835. It contained originally but one count, which set forth, "that the said Baker, at said Medfield, on the 12th day of January current, with force and arms, broke and entered the plaintiffs' close, situated in said Medfield, and then and there, with force and arms, took and carried away ninety pairs of calfskin shoes, of the value of $120, and fifty pairs of thick brogan shoes, of the value of $50, and kept and detained the same," &c. Plea, the general issue.

The action was tried in the Common Pleas, and a verdict returned for the defendant. The plaintiffs appealed.

In this Court, at February term 1837, *Morton* J. presiding, the plaintiffs moved to amend, by filing another count, setting forth, "that the said Baker, at said Medfield, on the 12th day of January, 1835, with force and arms, took and carried away ninety other pairs of calfskin shoes, of the value of $120, and fifty other pairs of thick brogan shoes, of the value of $50, and kept and detained the same," &c. This was objected to by the defendant, as being for a new cause of action, but was allowed by the judge. The question of amendment was reserved for the opinion of the whole Court.

A verdict was returned for the plaintiffs.

*Mann*, for the defendant. The amendment was inadmissi-

44

ble. The original action was trespass *quare clausum fregit*, the amendment introduced a different species of action, to wit, trespass *de bonis asportatis*. *St.* 1786, *c.* 52, § 1 ; Revised Stat. *c.* 120, § 1. The original action was local ; the new one was not. These two species of actions admit of different pleas. *Haynes* v. *Morgan*, 3 Mass. R. 208 ; F. N. B. 87, 88 ; *Alstone* v. *Hutchinson*, Carth, 176 ; *Elwis* v. *Lombe*, 6 Mod. 117 ; *Lambert* v. *Stroother*, Willes, 222. The jurisdiction of the two actions is vested in different courts. The costs are governed by different rules. If such an amendment was admissible, it was unnecessary to pass the *St.* 1836, *c.* 273. *Cumings* v. *Rawson*, 7 Mass. R. 440.

The new count is for a different cause of action. The original count was for breaking the close ; the new one, for taking the goods. *Ropps* v. *Barker*, 4 Pick. 243 ; *Reynolds* v. *Clark*, 1 Str. 634 ; *S. C.* 2 Ld. Raym. 1399 ; *Newman* v. *Smith*, 2 Salk. 642 ; *Dix* v. *Brookes*, 1 Str. 61 ; *Clegg* v. *Molyneux*, 2 Doug. 780 ; *Bennett* v. *Alcott*, 2 T. R. 166 ; *Taylor* v. *Cole*, 3 T. R. 292 ; *Russell* v. *Corne*, 2 Ld. Raym. 1032 ; *Ditcham* v. *Bond*, 3 Campb. 524 ; *Bracegirdle* v. *Orford*, 2 Maule & Selw. 77 ; *Kingsbury* v. *Pond*, 3 N. Hamp. R. 511 ; *Vancleef* v. *Therasson*, 3 Pick. 14 [2d ed. note 1] ; *Ball* v. *Claflin*, 5 Pick. 305.

*Leland*, *contrà*, cited *Phillips* v. *Howgate*, 5 Barn. & Ald. 220 ; *Sampson* v. *Henry*, 13 Pick. 36.

*Nov. 3d.* SHAW C. J. The single question in this case is, whether the judge, before whom this action was tried, decided correctly, in permitting the plaintiff to amend, by adding a distinct count, in trespass for taking and carrying away the plaintiffs' goods, when the only count originally inserted was, for breaking the plaintiffs' close, and taking and carrying away the goods particularly described.

In the first place, the Court are of opinion, that by a long course of practice it is settled, that under the *genus* " trespass," the several species of *quare clausum* and *de bonis asportatis* may be well joined, and that if it were now decided otherwise, a vast number of judgments would be held erroneous. If therefore these counts had been originally joined, there could have been no objection. Whether the amendment

can be made after the action comes into this Court, must depend upon this, whether the adding of a new count introduces any new substantive cause of action, that is, a new and independent demand, not originally claimed in the action, or whether it sets out in a more orderly, intelligible, or formal manner, claims substantially made, but informally stated in the declaration as first framed. In the latter case, it is admissible ; in the former, otherwise. The very purpose of amendments is, to put into legal and technical form, that which was informally stated ; and the only limit is, that under the pretence of amendment, new and distinct substantive causes of action shall not be introduced. In the present case, the claim for damages, for taking and carrying away the shoes, is distinctly and fully stated ; the place of taking, the quantity, species and value are precisely stated, and damages claimed for this injury, not under a *per quod*, as the consequence of the breaking and entering, but as a substantive wrong and injury. The defendant, by this declaration, had notice of the claim, and was summoned to answer to it. The most that can be said of it is, that the union of these two distinct species of demand in one count, is informal, inconvenient, and inconsistent with regularity in pleading. As different defences may be made, and when this action was brought, might have been made by special pleas, it is most consistent with due order and technical form, that they should be stated in different counts.

One reason, why separate and distinct demands are more conveniently and intelligibly stated in distinct counts, arises out of the Revised Statutes, which provide, that where separate causes of action are united in one action, and the plaintiff prevails in one, and fails in another, the defendant shall have costs, incurred in respect to those counts in which the plaintiff fails. When therefore there are distinct claims, or causes of action, each one of which may be sufficient alone to sustain the action, if proved, it is convenient that they should be declared on, in distinct counts, that the jury may pass upon them distinctly in their verdict.

The rule admitting such amendments, of course will not apply, where the damage laid by way of aggravation is strictly consequential, and can be recovered only under a *per quod*,

and where the matter thus stated would not be sufficient alone, to sustain the action, if proved.   Here the taking and carrying away the shoes, if proved, would be sufficient to maintain the action, whether the close was broken or not.   No person reading the declaration, could fail to perceive, that damages for taking the shoes, was one of the principal objects of the suit, and that the defendant had notice of this by the form of the declaration, and was called upon by the writ to answer it.   It was therefore one of the causes of the action, in the sense in which that term is used in the rule, admitting amendments which do not introduce any new cause of action.

This view renders it unnecessary to decide, whether under the declaration as it originally stood, a justification by plea, of the entry merely, would have been a bar to the action.

*Judgment on the verdict*